### UNITED STATES v. PENTZ.

Circuit Court of Appeals, Ninth Circuit.
October 21, 1929.

No. 5797.

George Neuner, U. S. Atty., and Charles W. Erskine, Asst. U. S. Atty., both of Portland, Or., and William Wolff Smith, Gen. Counsel, and J. O'C. Roberts and James T. Brady, Attys., U. S. Veterans' Bureau, all of Washington, D. C., for the United States.

Emmons, Lusk & Bynon, of Portland, Or., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and LOUDERBACK, District Judge.

WILBUR, Circuit Judge. This action is brought on a war risk insurance policy for $10,000, which had lapsed, upon the ground that on May 3, 1918, and on July 21, 1918, during the life of the policy, the appellee was so severely injured that he was permanently and totally disabled. The appellant alleged by answer that the original contract of war risk insurance lapsed on the 1st of October, 1919, and that on the 6th day of April, 1921, plaintiff applied for reinstatement of his war risk insurance in the sum of

$5,000; that such policy was issued and subsequently lapsed. Appellant alleged that the rules of the Bureau of War Risk Insurance prohibited reinstatement in case the applicant was totally and permanently disabled. It is alleged that the applicant's insurance was reinstated for $5,000, and that this new policy was allowed to lapse on October 1, 1923. The appellee replied, denying appellant's allegation, but specifically admitting that he applied for reinstatement by reason of the misrepresentations of the doctors and officers of the United States Veterans' Bureau. He alleges that he was ignorant of his rights under the original policy of war risk insurance. The sufficiency of the appellee's pleading to deny the issuance of the renewal policy is not questioned. The jury rendered a verdict in favor of the appellee, and found that appellee was, on the 27th day of September, 1919, and ever since has been, totally and permanently disabled.

The written application of appellee for reinstatement, in which he stated that he was then in good health, was received in evidence. There was no proof with relation to the issuance of the policy in pursuance of the application therefor, other than the following testimony given by the appellee on cross-examination:

"Q. Then why was it that you gave the doctor the information that you were in good health? A. There was—I don't know nothing about that. I can remember getting—asking for a what's-its-name after they had been sending me it. I only kept it a year, a little over a year, and had to drop it again."

It is quite possible that the appellee was referring to the renewal policy of $5,000, and such evidence might be sufficient to sustain a verdict in favor of the government; but, the verdict of the jury having been against the government, we are bound to construe the evidence in favor of the verdict, rather than against it. So construed, the evidence is not sufficient to justify overturning the verdict and judgment.

Judgment affirmed.